# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

222 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

March 30, 2005

The Honorable Kent A. Jordan  
United States District Court  
844 King Street  
Wilmington, DE 19801

HAND DELIVERY

Re:   *Future Fibre Technologies Pty. Ltd. v. Optellios Incorporated,*  
C.A. No. 04-1501-KAJ

Dear Judge Jordan:

On behalf of the plaintiff, Future Fibre Technologies Pty. Ltd. ("FFT"), we are writing regarding a dispute concerning the date by which motions to amend the pleadings will need to be filed in the above action. Although a scheduling order has not yet been entered in this case (the parties could not reach agreement on certain deadlines, and the Court still has the matter under advisement), the amendment of pleadings deadline in the *proposed* scheduling order is tomorrow, March 31, 2005. We regret having to burden the Court with a dispute that we believe the parties easily should have been able to resolve on their own, but we appear to be at an impasse, and FFT therefore respectfully requests Your Honor's assistance.

The pertinent background is that the complaint alleges theft of propriety technology and business secrets, and includes, among other things, claims for misappropriation of trade secrets, breach of contract, and Lanham Act violations. Optellios has counterclaimed, seeking, *inter alia*, a declaratory judgment of patent invalidity in connection with a patent not in suit, and FFT has moved to dismiss that invalidity counterclaim. The motion to dismiss has not yet been decided by the Court.

FFT respectfully requests that the originally proposed amendment of pleadings deadline be extended until June 15, 2005, for two reasons.

First, although we do not believe that patent issues should be a part of this case, if the Court denies our motion to dismiss the invalidity counterclaim, then FFT understandably will want, in fairness, the right to amend its complaint to allege infringement of the patent in question. Moreover, if the counterclaim is allowed, then FFT's infringement claim may well be compulsory under Rule 13 and subject to forfeiture if not pled. Until the Court decides the

The Honorable Kent A. Jordan
March 30, 2005
Page 2

motion to dismiss, however, we do not know if there is a need to amend the complaint to allege infringement, and we therefore propose extending the amendment deadline to avoid the problem.

    Second, FFT and Optellios exchanged initial written discovery requests in mid-March, but neither party will have received responses by tomorrow's amendment deadline, nor will any depositions have been taken. Thus, neither party yet can make an adequately informed judgment about whether to amend its pleadings, and with a proposed discovery cut-off of August 15, 2005, there does not appear to be any reason why the amendment deadline should not be later in the schedule. Such a change actually would be beneficial to both parties, and would not be prejudicial to either party since there would remain further time for discovery after any amendments. On the other hand, not setting a later amendment deadline potentially creates substantial prejudice for FFT.

    Optellios, for reasons that frankly are not clear to us, strongly objects to this request. A copy of its counsel's March 29, 2005 letter to us is attached for the Court's review.

    We appreciate the Court's consideration of this request, and we will be available at Your Honor's convenience in the event the Court has questions or wishes to discuss this matter further.

                            Respectfully,

                            Steven J. Balick

SJB/dmf
Attachment
155231.1

c:    Clerk of the Court (by ECF file and serve)
      Daniel V. Folt, Esquire (by hand)
      Stephan P. Gribok, Esquire (via facsimile)
      Marc B. Tucker, Esquire (via facsimile)

# DuaneMorris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
HARRISBURG
PRINCETON
WESTCHESTER

DANIEL V. FOLT
DIRECT DIAL: 302.657.4927
E-MAIL: dvfolt@duanemorris.com

www.duanemorris.com

March 29, 2005

**BY FAX AND FIRST CLASS MAIL**
Mr. Steven J. Balick, Esq.
Ashby & Geddes
17th Floor
222 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899

Re:   Future Fibre Technologies Pty. Ltd. v. Optellios, Inc.

Dear Steve:

I understand that you contacted my office to request an extension of the date to amend or add parties. I am the only person authorized to approve such a request and, as John Day may have told you, I am out of the office on vacation this week. Regardless, we cannot agree to your request and should you contact the court about it please indicate our opposition.

The reason you provided was that plaintiff wants to extend the date to permit it the opportunity to add a claim for patent infringement should your motion to dismiss our counterclaim for non-infringement be denied. We find no small irony in that justification. It was odd enough for your client to bring a trade secrets claim without the confidence to accompany it with an infringement claim. But your client went further and sought to dismiss our counterclaim for non-infringement on technical grounds. How, under such circumstances, can your client seriously ask us to agree to an extension to permit them the opportunity to reverse course after opposing the patent side of the litigation and opposing our attempts to conform the schedule to one typically used for patent litigation? Your client has insisted upon a tight schedule -- it would not even split the difference -- and we will not hear it cry foul now.

If, on the other hand, your client has simply miscalculated and now realizes the importance of the patent side of things, I would be willing to go back to our client and request permission to permit amendment unopposed if your client immediately withdraws that portion of its pending motion to dismiss the declaratory judgment action. Should your client be unwilling to do so, and instead insists on maintaining the motion while simultaneously trying to extend the schedule to permit FFT the opportunity to flip positions should the issue be decided adversely, then we can offer you no assistance.

DuaneMorris

Mr. Steven J. Balick, Esq.
March 29, 2005
Page 2

      If you write or move the court prior to my return to the United States on Monday, April 4th, please indicate that we oppose your motion and that I will reply to the Court in writing immediately upon my return.

      Sincerely,

      *Daniel V. Folt* /JHM

      Daniel V. Folt

      DICTATED BUT NOT READ DUE
      TO ABSENCE FROM OFFICE

DVF/jn