# DuaneMorris

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
CHICAGO
HOUSTON
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BOSTON
WASHINGTON, DC
ATLANTA
MIAMI
PITTSBURGH
NEWARK
ALLENTOWN
WILMINGTON
CHERRY HILL
HARRISBURG
PRINCETON
WESTCHESTER

DANIEL V FOLT
DIRECT DIAL: 302 657 4927
E-MAIL: dfolt@duanemorris com

www duanemorris com

April 4, 2005

*VIA ECF FILE & SERVE*

The Honorable Kent A. Jordan
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    *Future Fibre Tech. Pty. Ltd. V. Optellios Incorporated*
               C.A. No. 04-1501-KAJ

Dear Judge Jordan:

      I have just seen today Mr. Balick's letter dated March 30, which was sent to the Court last week when I was out of the country. I regret that this is the second avoidable discovery dispute that FFT has decided to file in the short life of this case.

      We do oppose the motion principally because we believe that FFT is trying to manipulate the schedule simply so that they can have it both ways. First, FFT filed a trade secrets case and intentionally omitted any claim for patent infringement even though the Complaint makes clear the point that FFT believes that it has a right of exclusion afforded by patent. Second, FFT moved to dismiss our counterclaim for non-infringement, thus underscoring a considered strategy of avoiding litigation over a patent that FFT knows or should know is based upon prior art. Finally, FFT insisted upon a short discovery schedule and, when alternatives were proposed, moved for relief immediately rather than compromise dates by even one month.

      Now it appears FFT has reconsidered. FFT's new thinking is that the amendment date <u>all counsel agreed to</u> should be set back until June so that – in the event the motion is denied – FFT can reverse course and add a claim for infringement. But the state of the record today is the same as it was when counsel for FFT agreed to the March amendment date. That is, FFT knew then that our counterclaim had been filed and no new event has occurred that justifies this request. Worse yet, it bears repeating that FFT also refused to compromise – even by one month – the short discovery schedule FFT demanded notwithstanding our prediction that they would be the first to come running to the Court, as FFT did here, to obtain an extension of its own order. Under these circumstances, we believe that FFT should be required to honor its agreements and held to act consistently with its own actions.

April 4, 2005
Page 2

    If there is any prejudice here, it is of FFT's own making – a natural byproduct of its convoluted strategy. FFT has had ample time to amend to include patent infringement. Even more important, in our letter to Mr. Balick dated March 29, we offered to consider permitting that amendment unopposed should FFT withdraw their challenge to our counterclaim. Notwithstanding all that, FFT remained unwilling to compromise its plans. Instead of offering to withdraw their counterclaim pending amendment, FFT insists on trying to win dismissal of our non-infringement claim while simultaneously preserving its right to sue for the same infringement that is the very object of that counterclaim. Such an unusual approach underscores the insubstantiality of FFT's sole basis for dismissal – that is, that such a claim has been brought in the absence of "reasonable apprehension" that FFT would sue to enforce its patent's rights. FFT obviously is ready enough now to sue on its patent that it is willing to renege on an agreement earlier reached between counsel when all known facts were on the table.

    On behalf of our client, we ask the Court to enforce the agreed-upon amendment date. Should the Court decide to do otherwise, then we would ask the Court to reconsider the pending scheduling proposals with an eye to extending all dates beyond that contained in either proposal. Doing so would ensure that the parties have adequate time to develop a full record consistent with major patent litigation cases in the District of Delaware, and hopefully avoid further motion practice.

Respectfully,

Daniel V. Folt (#3143)

cc:    Clerk of the Court (via ECF File & Serve)
       Steven J. Balick, Esquire (via hand delivery)
       John G. Day, Esquire (via hand delivery)
       Marc B. Tucker, Esquire (via facsimile)

WLM\207123 1